1 Christopher J. Reichman SBN 250485
Justin Prato SBN 246968
2 PRATO & REICHMAN, APC
3 3675 Ruffin Road, Suite 220
San Diego, CA 92123
4 Telephone: 619-886-0252
5 chrisr@prato-reichman.com
justinp@prato-reichman.com
6

7 Attorneys for Class and Named Plaintiff
8 Brian Clark

9

10

11 **UNITED STATES DISTRICT COURT**

12 **NORTHERN DISTRICT OF CALIFORNIA**

13

14 BRIAN CLARK, individually and on        Case No.:
Behalf of All Others Similarly Situated,
15
**CLASS ACTION COMPLAINT**
16
Plaintiff,
17 vs.                                   **Violation(s) of Telephone Consumer**
**Protection Act of 1991**
18
19 VIA RENEWABLES, INC, F/K/A
SPARK ENERGY, INC.,
20                                        **Jury Trial Demanded**
21        Defendants.
22

23       Plaintiff Brian Clark ("Plaintiff"), individually and on behalf of the Class

24 described below, by their attorneys, make the following allegations based upon

25 information and belief, except as to allegations specifically pertaining to Plaintiffs

26 and their counsel, which are based on personal knowledge.  Plaintiffs bring this

27 action for injunctive relief and damages against Defendant, and each of them,

28 demanding a trial by jury.

- 1 -

Complaint

## JURISDICTIONAL ALLEGATIONS

1.      Plaintiff at all times herein mentioned was a resident of the County of Alameda, State of California.

2.      Defendant Via Renewables, Inc. f/k/a Spark Energy, Inc. is, and at all times herein mentioned is a Delaware corporation, (hereinafter referred to as "Defendant" and/or "Spark") headquartered in the State of North Carolina, doing business in the County of Alameda, State of California.

3.      This case is filed pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227 et. seq. ("TCPA").  The U.S. Supreme Court recently decided that federals courts have federal question subject matter jurisdiction over such civil actions under 28 U.S.C. §§ 1331 and 1441.  *Mims v. Arrow Fin. Services, LLC*, 565 U.S. 368, 132 S.Ct. 740, 753 (2012).

4.      At all times herein mentioned each employee, representative, officer, director, or consultant of any Defendant was acting as its agent.

## NATURE OF THE ACTION

5.      Plaintiffs bring this class action against Defendant for injunctive relief and damages and all other relief available at law and in equity on behalf of themselves and members of the following class of persons:

Sub-Class No. 1

*All persons and entities located within the United States of America who claim to be able to provide a phone bill or statement showing they were a residential telephone subscriber and that their number was registered on the National Do-Not-Call Registry to whose residential telephone Defendants and/or their agents transmitted two or more telemarketing calls in one calendar year without prior*

Complaint

*express written consent from the called party or an 'existing business relationship' at any time from January 31, 2019 to the present, including up to and through trial.*

Sub-Class No. 2

*All persons and entities located within the United States of America to whose residential telephone line Defendants and/or its agents transmitted a call using a prerecorded voice without prior express written consent from the called party at anytime from January 31, 2019 to the present, including up to and through trial*

6.      The TCPA was passed in order to regulate telemarketing by prohibiting, *inter alia*, phone calls to numbers on the federal Do Not Call Registry run by the Federal Trade Commission.  47 U.S.C. § 227(b)(1)(B).

7.      Spark is engaged in a scheme to sell natural gas and energy services via cold calls to residential phone numbers on the protected federal Do Not Call Registry which Spark calls without prior express written consent, through their agents and affiliates, using a pre-recorded message.

8.      Thus, Spark is engaging in making illegal telemarketing calls prohibited by the Telephone Consumer Protection Act of 1991 ("TCPA"), which gives victims of junk calls a private right of action to sue for the intrusion on their privacy.

9.      The modus operandi is the same for all the calls in this case, Spark, directly or through the use on an agent or affiliate at the direction of and on behalf of Spark calls various numbers in the United States to sell Spark's energy services without regard to whether those numbers are on the Do Not Call Registry or not, using a pre-recorded message regardless of whether the number is residential or not.

- 3 -

Complaint

10.     Spark and/or its agents and affiliates do not check the federal Do Not Call Registry before making these calls nor engage in any Do Not Call Registry compliance, nor confirm the number is not a residential number.

11.     These cold calls are made to massive lists of phone numbers in the United States with no regard for whether these numbers have been registered on the National Do-Not-Call Registry ("DNC") or not.

12.     Spark has intentionally violated the TCPA in a so-far successful attempt to sell its energy services for years.

## FACTUAL DETAILS RE NAMED PLAINTIFF

13.     Defendants made ten (10) calls to Mr. Clark's home phone number (510-316-9772) wherein they tried to pitch their financial services on the following dates and times and using the following Caller ID ("CID") numbers and Caller ID name ("CNAM"):

- March 3, 2023, 10:06 am, CID 707-306-3181, CNAM [none].
- March 6, 2023, 9:49 am, CID 650-666-4396, CNAM [none].
- March 7, 2023, 12:04 pm, CID 209-437-0947, CNAM [none].
- March 8, 2023, 12:04 pm, CID 209-653-8932, CNAM [none].
- March 9, 2023, 12:04 pm, CID 209-437-0923, CNAM [none].
- March 15, 2023, 5:58 pm, CID 707-306-3169, CNAM [none].
- March 17, 2023, 11:20 am, CID 510-571-3109, CNAM [none].
- March 20, 2023, 12:26 pm, CID 925-397-8210, CNAM [none].
- March 20, 2023, 4:35 pm, CID 209-653-8940, CNAM [none].
- March 21, 2023, 2:44 pm, CID 209-653-8958, CNAM [none].

14.     Mr. Clark's residential line has been tariffed as a residential line since he was assigned it by the phone company more than ten (10) years ago.

Complaint

15.     Mr. Clark, himself, registered his residential line on the National "Do-Not-Call" Registry on December 22, 2007 and Mr. Clark has kept his residential line on the Registry from that time to the present.

16.     Mr. Clark never gave Spark or any other person, agent, affiliate, employee or entity associated with Spark express written permission to call him, nor does he have an established business relationship nor personal relationship with Spark or any other person, agent, affiliate, employee or entity associated with Spark.

17.     For all of the violative calls alleged above, Mr. Clark received a voice message that was from a "Michelle" who was allegedly calling about Mr. Clark's natural gas bill and requested a return call to 888-928-3199.

18.     Upon listening to the voice messages, it was clear that "Michelle" was an artificial voice and not a natural person.

19.     The messages use nearly identical wording and the voice has the same monotone speaking structure in every message which shows that the calls were pre-recorded messages and not a call from a live person.

20.     On March 23, 2023, Mr. Clark called the 888-928-3199 number that was present in all of the voice messages and was immediately connected to Spark.

21.     Plaintiff pleads on information and belief that 888-928-3199 belonged to Spark at all times relevant to this complaint.

22.     Plaintiff pleads on information and belief that all of the violative calls came from a phone line that belonged to Spark directly, and the Caller Id numbers are merely illegal spoof numbers that are not representative of the actual Caller number.

23.     Defendant may have made more violative calls to Plaintiff's residential line that he was unable to log or identify at the time and expressly includes claims for them herein even though the specifics of the dates and times are unknown at this time without the aid of discovery.

Complaint

# LIABILITY OF SPARK

24.     The March 23, 2023 call to the 888-928-3199 confirms that Spark was directly involved in making the telemarketing calls as the prerecorded messages provided the 888-928-3199 as the return contact number.

25.     Additionally, the type of specific service that was being offered, natural gas billing, is a service that Spark offers to residents of California.

26.     Plaintiff pleads on information and belief that Spark, though its own telemarketing employees transmitted each of the above violative calls, as well as any calls to class members.

27.     Plaintiff pleads on information and belief that management officials of Spark directed their employees to ignore the National "Do-Not-Call" Registry and call numbers regardless of whether those numbers were on the National "Do-Not-Call" Registry or not.

28.     Plaintiff pleads on information and belief that Sparking knowingly used a pre-record non-natural voice message in its telemarketing campaign regardless of whether the numbers that were being called were residential or not.

29.     Plaintiff pleads on information and belief that management officials of Spark directed their employees to use a pre-record non-natural voice message in its telemarketing campaign regardless of whether the numbers that were being called were residential or not.

30.     Sometime after the violative calls were made to Mr. Clark, Spark Energy Inc. changed its corporate name to Via Renewables Inc., either though purchase, corporate restructuring, rebranding, or other methods to change corporate entities.

31.     Via Renewables Inc. expressly states in its corporate disclosures that it was formerly Spark Energy Inc., and therefore these two entities are synonymous with one another.

Complaint

## AGENCY LIABILITY ALLEGATIONS

32.     Plaintiff pleads on information and belief that to the extent Spark uses any agents to make calls, Spark has ordered their agent to make the illegal telemarketing calls to residential numbers on the National "Do-Not-Call" Registry and using illegal pre-recorded calling for its benefit.

33.     Plaintiff pleads on information and belief that to the extent Spark uses any agents to make calls, Spark knew or reasonably should have known (implied agency), that its agents were was making the illegal calls to residential numbers on the National "Do-Not-Call" Registry, and using illegal pre-recorded calling.

34.     Plaintiff pleads on information and belief that to the extent Spark uses any agents to make calls, Spark explicitly condoned the actions of such agents in making the illegal telemarketing calls to residential numbers on the National "Do-Not-Call" Registry and using illegal pre-recorded calling for its benefit by condoning their actions afterwards.

35.     Plaintiff pleads on information and belief that to the extent Spark uses any agents to make calls, Spark explicitly hired by such agent in order to make the illegal telemarketing calls to numbers on the National "Do-Not-Call" Registry and using illegal pre-recorded calling for the benefit of Spark.

36.     Spark condones the use of artificial voice messages and spoofing of the Caller Id number by its agents during telemarketing calls.

37.     Spark's employees and affiliates coordinate with one another during calls giving the impression that they are the same actor to any customer on that call.

///

///

- 7 -

Complaint

## **"ON BEHALF OF" LIABILITY ALLEGATIONS**

38.    Plaintiff pleads that all calls complained of above for National "Do-Not-Call" Registry violations were made "on behalf of" Spark within the meaning of those words as used in title 47 of the United States Code section 227(c)(5):  "A person who has received more than one telephone call within any 12-month period by or **on behalf of** the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State…" [emphasis added].

39.    Plaintiff contends that "on behalf of" liability is a broader standard than traditional agency liability to effectuate the remedial nature of the statute.

40.    Plaintiff pleads on information and belief that Spark hired, retained, instructed or allowed the agent or affiliate who made the alleged calls to Mr. Clark to make those calls on behalf of Spark in order to sell Spark's natural gas products.

41.    Specifically, Spark's own contact number was placed in the pre-recorded message what was used during the telemarketing.

42.    Spark is aware that its affiliates are transmitting calls expressly for the purpose of getting a victim to use the call back number and contact Spark directly so that Spark can sell it services.

43.    Spark benefits from all calls made by the affiliates, even those that are Spark does not get a call back, as the mass amount of calling is what allows the affiliate to find customers to call back Spark.

## **ACTUAL HARM & WILFUL AND KNOWING CONDUCT**

44.    The Telephone Consumer Protection Act of 1991 ("TCPA") was passed in order to regulate telemarketing and requires that no telemarketer may call

- 8 -

Complaint

1    any number registered on the National "Do-Not-Call" Registry without prior

2    express consent or a prior established business relationship.

3         45.    Defendant has intentionally violated the TCPA in a so-far successful

4    attempt to sell natural gas and energy services.

5         46.    Plaintiff has been harmed by the junk calls complained of herein by

6    the direct waste of his time during the call itself, the indirect waste of time in

7    having to break from other important tasks and spend time catching up after the

8    junk call, the waste of telephone service which he and not Defendant must pay for,

9    the costs of having to pursue legal remedies, and in the aggravation and consequent

10    health effects of stress these illegal intrusions have caused.

11         47.    Plaintiff has been harmed by the calls he did not answer by the direct

12    waste of his time in having to check the Caller ID while he was busy in meetings

13    or with other projects before declining the call, the indirect waste of time in having

14    to break from other important tasks and spend time catching up after these junk

15    calls, the waste of telephone service which he and not Defendant must pay for, the

16    costs of having to pursue legal remedies, and in the aggravation and consequent

17    health effects of stress these illegal intrusions have caused.

18         48.    During each of Defendant's calls, Plaintiff wanted to make or receive

19    a call to/from someone else for his own personal or business reasons and was

20    blocked from doing so by the line being tied up by Defendant.

21         49.    As a proximate result of these intrusions, Plaintiff suffered and

22    invasion of his privacy because the call should never have been transmitted to him

23    and rang his private phone at his private residence.

24         50.    Plaintiff alleges on information and belief that Defendant made the

25    calls described above intentionally, in the sense that the number called was the one

26    they meant to call in pitching their services.

27         51.    Plaintiff alleges on information and belief that Defendant made the

28

Complaint

1  calls described above knowing that they were made in contravention of the TCPA
2  and other telemarketing laws and regulations.

3

4  ## CLASS ACTION ALLEGATIONS

5

6  52.    **Description of the Class**:  Plaintiffs bring this class action against
7  Defendant for injunctive relief and damages and all other relief available at law
8  and in equity on behalf of themselves and members of the following class of
9  persons:

10   Sub-Class No. 1

11  *All persons and entities located within the United States of America*
12  *who claim to be able to provide a phone bill or statement showing*
13  *they were a residential telephone subscriber and that their number*
14  *was registered on the National Do-Not-Call Registry to whose*
15  *residential telephone Defendants and/or their agents transmitted*
16  *two or more telemarketing calls in one calendar year without prior*
17  *express written consent from the called party or an 'existing*
18  *business relationship' at any time from January 31, 2019 to the*
19  *present, including up to and through trial.*

20

21  Sub-Class No. 2

22  *All persons and entities located within the United States of America*
23  *to whose residential telephone line Defendants and/or its agents*
24  *transmitted a call using a prerecorded voice without prior express*
25  *written consent from the called party at any time from January 31,*
26  *2019 to the present, including up to and through trial*

27

28

Complaint

53.     Excluded from the Class are governmental entities, Defendant, any entity in which Defendant have a controlling interest, and Defendant' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns.  Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

54.     Plaintiff reserves the right to modify the Class description and the Class period based on the results of discovery.

55.     **Numerosity**:  The proposed Class is so numerous that individual joinder of all its members is impracticable.  Due to the nature of the evidence of the number of calls made by Defendant, Plaintiffs believe that the total number of Class members is at least in the tens of thousands and members and the members are geographically dispersed across California and the United States.  While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery, namely through Defendant' call records.  The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

56.     **Common Questions of Law and Fact Predominate**:  There are many questions of law and fact common to the representative Plaintiff and the Class, and those questions substantially predominate over any questions that may affect individual Class members.  Common questions of fact and law include, but are not limited to, the following:

**As to Pre-recorded calls:**

a.      Whether Defendants transmitted prerecorded telemarketing calls to residential phone lines without prior express written consent from the owners of those lines.

Complaint

b.     Whether the transmission of the calls mentioned above was done willfully or knowingly by Defendants.

c.     Whether agency relationships giving rise to TCPA liability exist amongst and between Defendant and its agents.

**As to National "Do-Not-Call" Registry violations:**

a.     Whether Defendant transmitted two or more sales calls in any one calendar year to numbers on the National "Do-Not-Call" Registry.

b.     Whether Defendant transmitted these calls without prior express consent from the owners of those lines or a business relationship with them established before the calls were made.

c.     Whether the transmission of these calls was done willfully or knowingly by Defendant.

d.     Whether agency relationships giving rise to TCPA liability exist amongst and between Defendant and its agents.

e. Whether the calls transmitted by the Defendant's affiliates were made "on behalf of" the Defendant.

57.     **Typicality**:  Plaintiff's claims are typical of the claims of the members of the Class.  Plaintiff and all members of the Class have been similarly affected by Defendant's common course of conduct since Defendant has repeatedly called the Class to sell their financial products.

58.     **Adequacy of Representation**:  Plaintiff will fairly and adequately represent and protect the interests of the Class.  Plaintiff has retained counsel with experience in handling complex litigation who has been previously certified as class counsel.  Plaintiff and class counsel are committed to vigorously prosecuting this action on behalf of the Class and have the financial resources to do so.  Neither Plaintiff nor class counsel have any interests adverse to those of the Class.

59.     **Superiority of a Class Action**:  Plaintiff and the members of the Class suffered, and will continue to suffer, intangible and tangible harm as a result

Complaint

of Defendant's unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the present controversy.  Individual joinder of all members of the class is impractical.  Even if individual class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed. Individual litigation magnifies the delay and expense to all parties in the court system of resolving the controversies engendered by Defendant's common course of conduct.  The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and efficient handling of all class members' claims in a single forum.  The conduct of this action as a class action conserves the resources of the parties and of the judicial system and protects the rights of the class member.  Furthermore, for many, if not most, a class action is the only feasible mechanism that allows therein an opportunity for legal redress and justice

60.     Adjudication of individual class member's claims with respect to Defendant would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication and could substantially impair or impede the ability of other class members to protect their interests.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION: TCPA VIOLATION
### CALL TO NUMBER ON THE NATIONAL "DO-NOT-CALL" REGISTRY
### (On Behalf of the Plaintiff Class)

61.     Plaintiff realleges all paragraphs above and incorporates them herein by reference.

Complaint

62.    Plaintiff is bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

63.    Subdivision (c) (2) of Section 64.1200 of Title 47 of the Code of Federal Regulations makes it unlawful for any person to "initiate any telephone solicitation" to "A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations."

64.    At all times relevant to this complaint, Plaintiff had registered his residential telephone number on the national do-not-call registry maintained by the U.S. Government.

65.    Defendant has called Plaintiff's residential telephone line for solicitation purposes at least twice during a calendar year during the statutory period of the last 4 years, pursuant to 28 U.S.C. § 1658.  These calls are the only calls known to Plaintiff at this time and Plaintiff states on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendant has made many more violative calls to Plaintiff's residential telephone line.  These calls were not made in error, nor did Defendant have express permission from Plaintiff to call, nor did Defendant have a personal relationship with Plaintiff.  37 C.F.R. § 64.1200 (c) (i), (ii), & (iii).

66.    Subdivision (c)(5) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations the National "Do-Not-Call" Registry rules promulgated thereunder.  Plaintiff may obtain relief in the form of injunctive relief or Plaintiff may recover up to $500.00 for each violation, or both.  If the court finds that Defendant's violations were willful or knowing, it may, in its discretion, award up to three times that amount.

Complaint

## FIRST CAUSE OF ACTION: TCPA VIOLATION
## PRERECORDED MARKETING CALLS TO RESIDENTIAL NUMBERS
### (On Behalf of the Second Plaintiff Sub-Class)

67. Plaintiffs reallege all paragraphs above and incorporates them herein by reference.

68. Plaintiffs are bringing this action pursuant to the provisions of the Telephone Consumer Protection Act of 1991 (47 U.S.C. §227 and 47 C.F.R. §64.1200 – "TCPA").

69. Subdivision (b) (1) (B) of Section 227 of Title 47 of the United States Code makes it unlawful for any person to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order of the Commission under paragraph (2) (B);"

70. Defendants have called Plaintiffs' residential telephone lines, using an artificial or prerecorded voice to deliver a message, without Plaintiffs' express permission on multiple occasions since March 3, 2023.  These calls are the only calls known to Plaintiffs at this time and Plaintiffs state on information and belief, without yet having the aid of full discovery, that it is quite likely that Defendants have made many more violative calls to Plaintiffs' residential telephone lines. These calls were not made for any emergency purpose, nor were these calls exempt under subdivisions (a) and/or (c) of section 64.1200 of title 47 of the Code of Federal Regulations.

71. Subdivision (b)(3) of section 227 of title 47 of the United States Code permits a private right of action in state court for violations of 47 U.S.C. §227 (b) (1) (B). Plaintiffs may obtain relief in the form of injunctive relief, or Plaintiffs may recover $500.00 for each violation, or both.  If the court finds that defendants'

- 15 -

Complaint

72.   violations were willful or knowing, it may, in its discretion, award up to three times that amount.

WHEREFORE Plaintiffs pray for judgment against Defendant, and each of them, as follows:

On the FIRST CAUSE OF ACTION:

1.   For an award of $500.00 for each violation of 47 U.S.C. § 227(c)(2);

2.   For an award of $1,500.00 for each such violation found willful;

3.   For injunctive relief pursuant to 47 U.S.C. 227(c)(5)(A);

On the SECOND CAUSE OF ACTION:

4.  For an award of $500.00 for each violation of 47 U.S.C. § 227(b)(1)(B)

5.  For an award of $1,500.00 for each such violation found willful;

6.  For injunctive relief pursuant to 47 U.S.C. 227(c)(5)(A);

On ALL CAUSES OF ACTION:

7.  For attorney's fees pursuant to all applicable federal and state statutes;

8.  For costs of suit herein incurred; and

9.  For such further relief as the Court deems proper.

DATED: January 30. 2024                    **PRATO & REICHMAN, APC**


                                           /s/Justin Prato, Esq.
                                           By: Justin Prato, Esq.
                                           **Prato & Reichman, APC**
                                           Attorneys for Plaintiff,

Complaint