UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN CLARK,<br><br>Plaintiff,<br><br>v.<br><br>VIA RENEWABLES, INC.,<br><br>Defendant. | Case No.  24-cv-00568-JSC<br><br>**ORDER RE: MOTION TO DISMISS, MOTION FOR PARTIAL SUMMARY JUDGMENT, AND MOTION TO STAY**<br><br>Re: Dkt. Nos. 96, 97, 108 |

Plaintiff Brian Clark alleges his residential phone number is on the federal Do Not Call Registry and Defendant, Via Renewables, Inc., called his phone number ten times and left identical pre-recorded voice messages in violation of the Telephone Consumer Protection Act ("TCPA").  (Dkt. No. 23 ¶ 7, 17-20.)[1]  The Court previously denied Plaintiff's motion for class certification and his renewed motion for the same, which Plaintiff appealed to the Ninth Circuit. (Dkt. Nos. 61, 85, 87.)  Pending before the Court is Defendant's motions to dismiss Plaintiff's individual TCPA claims and for partial summary judgment, and Plaintiff's motion to stay the case pending his appeal.  (Dkt. Nos. 96, 97, 108.)  For the reasons set forth below, the Court GRANTS Defendant's motion to dismiss because Defendant's unconditional cash delivery of $45,001.00 moots Plaintiff's individual claims.  Additionally, the Court DENIES Defendant's motion for partial summary judgment as moot and Plaintiff's motion to stay, in part.  The Court will defer entering final judgment until the Ninth Circuit rules on Plaintiff's interlocutory appeal.

## BACKGROUND

Plaintiff alleges Defendant "is engaging in making illegal telemarketing calls."  (Dkt. No. 23 ¶ 8.)  In March 2023, Defendant "made ten (10) calls to [Plaintiff's] home phone number,"

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

which Plaintiff "registered […] on the National 'Do-Not-Call' Registry" in December 2007. (*Id.* ¶¶ 13, 15.) For each call, "[t]he messages use nearly identical wording and the voice has the same monotone speaking structure in every message which shows that the calls were pre-recorded messages and not a call from a live person." (*Id.* ¶ 19.) "All calls complained of […] were made on behalf of [Defendant.]" (*Id.* ¶ 38 (cleaned up).)

Based on Defendant's ten pre-recorded calls, Plaintiff brings two TCPA claims. (*Id.* ¶¶ 61-72.) In each claim, Plaintiff requests "an award of $500.00 for each" TCPA violation, "an award of $1,500.00 for each such violation found willful," and "injunctive relief pursuant to 47 U.S.C. 227(c)(5)(A)." (*Id.* ¶¶ 66 72; Prayer for Relief.) Plaintiff also brought these claims on behalf of himself and nationwide classes and moved for class certification, which the Court denied. (Dkt. No. 61.) Plaintiff subsequently brought a renewed motion for class certification, which the Court denied, then Plaintiff appealed the denial to the Ninth Circuit. (Dkt. Nos. 85, 87.) As of the date of this Order, the Ninth Circuit has not ruled on Plaintiff's appeal.

Defendant's counsel attests on March 23, 2026 they "delivered $45,001.00 in cash to Plaintiff counsel's office." (Dkt. No. 97-1 ¶ 5.) "A letter accompanied the delivery of the cash explaining the calculation and that the $45,0001.00 was tendered unconditionally on behalf of Defendant." (*Id.* ¶ 6.) The letter, written by Defendant's counsel and addressed to Plaintiff's counsel, explains:

> Defendant has instructed our firm to pay Plaintiff $45,001.00 (15 calls x $1,500) x 2 claims. Enclosed is cash in the amount of $45,001.00 which is tendered unconditionally on behalf of our client, Via Renewables, Inc. f/k/a Spark Energy, Inc. We believe this fully satisfies any alleged damage Plaintiff may have suffered and all statutory damages he is entitled to; however, if Plaintiff believes he has suffered other damage, please let me know. Our client's intent is to fully compensate Plaintiff for any alleged damage he may have suffered.

(Dkt. No. 97-3 at 2-3.)

Plaintiff's counsel attests they refused to accept receipt of $45,001.01 cash delivery. Counsel "very expressly told" the courier the firm "would not take the money and declined receipt of it, though they would accept delivery of the letter and the letter only." (Dkt. No. 106-1 ¶ 4.) After some back-and-forth discussion, the courier "tossed the bank bag with the money on

United States District Court
Northern District of California

[counsel's firm's] reception desk–over the objection of [Plaintiff's counsel]–and left." (*Id.* ¶ 10.) Plaintiff's counsel then placed the money in a trust account with the label "Troutman Refused Payment from [Defendant]," then "emailed Defense counsel stating the money and offer was rejected and telling them to send instructions for transmitting the money back to them." (*Id.* ¶ 11.)

## DISCUSSION

### I.    Motion to Dismiss

Defendant moves to dismiss Plaintiff's individual claims, asserting its unconditional cash delivery of $45,001.00 moots Plaintiff's claims because the parties no longer have an active case or controversy under Article III of the U.S. Constitution. (Dkt. No. 97 at 9.) Plaintiff does not dispute $45,001.00 exceeds the maximum possible recovery in damages for his claims. (*See generally* Dkt. No. 106.)

"Article III of the Constitution limits federal-court jurisdiction to 'cases' and 'controversies.'" *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016) (quoting U.S. Const., Art. III, § 2).

> We have interpreted this requirement to demand that an actual controversy … be extant at all stages of review, not merely at the time the complaint is filed. If an intervening circumstance deprives the plaintiff of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot. A case becomes moot, however, only when it is impossible for a court to grant any effectual relief whatever to the prevailing party. As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot.

*Id.* at 160–61 (cleaned up).

In *Campbell-Ewald*, the Supreme Court held "an unaccepted settlement offer" under Federal Rule of Civil Procedure 68 "does not moot a plaintiff's case." *Id.* at 165. The Court emphasized how under Rule 68, an unaccepted offer "'is considered withdrawn' if not accepted within 14 days of its service." *Id.* at 163 (citing Fed. R. Civ. P. 68(a), b)). Additionally, "[l]ike other unaccepted contract offers," an unaccepted Rule 68 offer "has no force" because "it creates no lasting right or obligation. With the offer off the table, and the defendant's continuing denial of liability, adversity between the parties persists." *Id.* at 156. Accordingly, "when the settlement offer [Defendant] extended to [Plaintiff] expired, [Plaintiff] remained emptyhanded; his TCPA

3

United States District Court
Northern District of California

complaint, which [Defendant] opposed on the merits, stood wholly unsatisfied." *Id.* at 165. The Court did not decide "whether the result would be different" under a "hypothetical" scenario where "a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount." *Id.* at 166.

Subsequently, the Ninth Circuit addressed a set of facts which "s[ought] to take up that hypothetical." *Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1141 (9th Cir. 2016). One plaintiff in *Chen* alleged he received five calls in violation of the TCPA, sought injunctive relief prohibiting such calls, and, like Plaintiff here, claimed "$500 in statutory damages for each violation" plus "$1500 in statutory damages for each [willful] violation." *Id.* at 1139. The defendant made a Rule 68 offer worth $10,000.00 to that plaintiff and offered to stop making TCPA-violative phone calls in the future. *Id.* After the plaintiff did not accept the offer, the defendant sent a letter "purporting to 'extend the offer until such time as it is accepted by plaintiffs'" and "deposited" the money "in a bank escrow account 'pending entry of a final District Court order or judgment directing the escrow agent to pay the tendered funds to [Plaintiff]'" and requiring injunctive relief. *Id.* at 1140–41. In other words, the defendant "s[ought] to take up that hypothetical" not decided in *Campbell-Ewald*, *i.e.*, whether a case is mooted "if a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount." *Chen*, 819 F.3d at 1141 (quoting 577 U.S. at 166).

The Ninth Circuit held the defendant's offer and subsequent deposit did not moot the plaintiff's individual claims. "As we read *Campbell-Ewald*, […] an individual claim[] becomes moot when a plaintiff *actually* receives all of the relief he or she could receive on the claim through further litigation." *Chen*, 819 F.3d at 1144 (italics in original). Applying that rule set forth in *Campbell-Ewald* and other Ninth Circuit cases, the court noted the plaintiff's TCPA claims for damages and injunctive relief were not mooted because the plaintiff "has not yet *received* any relief on his individual claims[. …] His claims are wholly unsatisfied, and it remains entirely possible for the court to grant him effectual relief." *Id.* at 1145 (cleaned up) (italics in original). The court then addressed whether the plaintiff "actually or constructively received"

4

United States District Court
Northern District of California

relief under "the common law doctrine of tender," under which

> there may have been occasions when the deposit of money in court could be "treated as the equivalent of an actual payment to and acceptance by the plaintiff." Robert G. Bone, "*To Encourage Settlement*": *Rule 68, Offers of Judgment, and the History of the Federal Rules of Civil Procedure*, 102 Nw. U.L.Rev. 1561, 1585 (2008). At most, however, that principle applied when the defendant unconditionally relinquished its entire interest in the deposited funds. See *id.* at 1586 ("The money became the plaintiff's property as soon as it was deposited and remained the plaintiff's property even if the defendant won at trial. As one commentator put it, 'the defendant bids his money an eternal farewell.'" (quoting H. Gerald Chapin, *Code Practice in New York* 164 (1918))). That has not occurred here. Allstate has neither deposited the $20,000 in the court nor unconditionally relinquished its interest in the $20,000 to Pacleb. On the contrary, Allstate retains its interest in the funds unless and until the district court dismisses this entire action as moot. See Def.–Appellant Allstate Ins. Co.'s Mot. Suppl. Appellate R. 4–5, ECF No. 80 ("The tendered funds have been deposited in an escrow account at The Bank of New York Mellon (the 'Bank') pending entry of a final District Court order or judgment directing the escrow agent to pay the tendered funds to Pacleb, requiring Allstate to stop sending non-emergency telephone calls and short message service messages to Pacleb in the future and dismissing this action as moot. If, and only if, the District Court or any final appellate court declines to issue such an order dismissing this action as moot, Allstate will move the District Court to order the escrowed funds to be returned to Allstate."). Thus, even assuming this aspect of common law tender would apply here, Pacleb has not actually or constructively received the $20,000. Nor has he received relief on his individual injunctive relief claim.

*Chen*, 819 F.3d at 1145–46. In a footnote, the Ninth Circuit observed "[l]ike Rule 68, a common law tender exists principally as a means of limiting damages or costs rather than mooting claims." *Id.* at 1146 n.7 (citing the Black's Law Dictionary definition of "Tender" and "Judicial Tender" and a 1903 treatise on the law of tender).

Here, Defendant asserts its cash delivery moots Plaintiff's claims because Plaintiff has "actually receive[d] complete relief" on his claims. (Dkt. No. 96 at 16) (cleaned up). Unlike an unaccepted Rule 68 offer or the deposit pending a judgment in *Chen*, Defendant's cash delivery was unconditional and Plaintiff now possesses the money, meaning Plaintiff has "actually received" relief exceeding the maximum recovery on his claims. The Court agrees. *Chen* adopted the rule "an individual claim[] becomes moot when a plaintiff *actually receives* all of the relief he or she could receive on the claim through further litigation." 819 F.3d at 1144 (italics in original). *Chen* then held (albeit without much explanation) that rule was not satisfied when a defendant

deposits money in escrow: the plaintiff did not "*receive* any relief," and it was "entirely possible for a court to grant him effectual relief." *Id.* at 1144–45 (italics in original). Here, however, Plaintiff's counsel attests they are essentially in possession of $45,001.01, which exceeds the maximum available recovery on Plaintiff's individual claims, even though counsel refused the money.[2] So, Plaintiff has "actually received all of the relief he […] could receive on the claim through further litigation," meaning Plaintiff's claims are mooted. *Id.* at 1144. Now that Plaintiff possesses the money, which Defendant delivered unconditionally, the Court cannot grant any "effectual relief" on Plaintiff's TCPA claims. *Id.* at 1145 (cleaned up).

Plaintiff's reliance on *Gomez v. Campbell-Ewald Co.*, 768 F.3d 871 (9th Cir. 2014) is misplaced. *Gomez* held an unaccepted Rule 68 offer "alone" is insufficient to moot a plaintiff individual claim, a rule the Supreme Court later adopted. *See id.* at 874–75; *Campbell-Ewald*, 577 U.S. at 165. *Gomez*'s application to Rule 68 offers makes it inapposite because in *Campbell-Ewald*, the Supreme Court noted it was not deciding whether the result would be different under a different set of facts, *i.e.*, "a defendant deposits the full amount of the plaintiff's individual claim in an account payable to the plaintiff, and the court then enters judgment for the plaintiff in that amount." *Campbell-Ewald*, 577 U.S. at 166. *Chen* expressly noted its facts "t[ook] up that hypothetical" and, on those facts, adopted the rule "an individual claim[] becomes moot when a plaintiff *actually* receives all of the relief he or she could receive on the claim through further litigation." *Chen*, 819 F.3d at 1144 (italics in original). Here, Defendant's unconditional cash delivery more closely mirrors *Chen* because it is akin to a "deposit[]" of the "full amount of the plaintiff's individual claim," as opposed to a Rule 68 which, if unaccepted within 14 days, is considered withdrawn. *See id.* So, *Chen*, not *Gomez*, is controlling.

---

[2] *Chen* addressed the court's ability to provide effectual relief for the plaintiff's damages and injunctive relief claims. Here, there is no dispute as to whether Defendant's cash delivery and accompanying letter, if accepted, would satisfy Plaintiff's claims for damages and injunctive relief. As for Plaintiff's damages claims, Plaintiff does not dispute $45,001.00 exceeds Plaintiff's maximum possible recovery in damages. (*See generally* Dkt. No. 106.) And regarding injunctive relief, Plaintiff does not dispute Defendant's argument "there is no risk" Defendant will continue to call Plaintiff in violation of the TCPA based on Defendant's employee's testimony "Plaintiff's phone number was placed on Defendant's internal [Do-Not-Call] list" on May 3, 2024. (Dkt. No. 97 at 14 n.3; Dkt. No. 97-6 ¶ 6; *see generally* Dkt. No. 106.)

United States District Court
Northern District of California

United States District Court
Northern District of California

Plaintiff's argument dismissal would reward Defendant's attempt to "'pick off' a class action named plaintiff" (Dkt. No. 106 at 7) is unavailing.  The Supreme Court and the Ninth Circuit have held a defendant's tender or an unaccepted settlement offer to named plaintiffs do not moot class claims, and some cases "referred to the risk that a defendant might 'pick off' named plaintiffs in order to evade class litigation." *See, e.g.*, *Gomez*, 768 F.3d at 875 (quoting *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1091–92 (9th Cir. 2011)). But the Court denied Plaintiff's motions for class certification.  Simply put, there are no class claims here at risk of being unfairly "picked off."  Moreover, Defendant asserts Plaintiff's individual claims are moot; Defendant's motion does not argue the class claims or Plaintiff's appeal are moot.  (*See* Dkt. No. 97 at 8-9 (noting the denial of class certification means "this matter proceeds solely on Plaintiff's individual claims" and arguing "Defendant's unconditional tender […] mooted *his claims* and *his claims* must be dismissed), at 9 (framing the sole issue to be decided as "[w]hether […] Plaintiff's *individual claims* may be rendered moot […]") (emphasis added) (cleaned up).)  In other words, granting Defendant's motion does not affect Plaintiff's appeal.  *See, e.g.*, *Deposit Guar. Nat. Bank, Jackson Miss. v. Roper*, 445 U.S. 326, 332–33 (1980) ("[T]he right of a litigant to employ Rule 23 is a procedural right only, ancillary to the litigation of substantive claims. Should these substantive claims become moot in the Art. III sense, by settlement of all personal claims for example, the court retains no jurisdiction over the controversy of the individual plaintiffs. [… H]owever, it does not follow that this circumstance would terminate the named plaintiffs' right to take an appeal on the issue of class certification.").

Accordingly, the Court grants Defendant's motion to dismiss and dismisses Plaintiff's individual claims.

## II.    Remaining Motions

Having dismissed Plaintiff's individual claims, the Court denies Defendant's motion for partial summary judgment and Plaintiff's motion to stay the case, in part.  Defendant moves for partial summary judgment on one of Plaintiff's TCPA claims (Dkt. No. 96 at 2, 6), but the Court's dismissal of that claim as moot also renders Defendant's motion moot.

Plaintiff moves "to stay the entire case pending the Ninth Circuit decision on" Plaintiff's

7

appeal. (Dkt. No. 108-1 at 2.) Plaintiff asserts, among other things, he will face irreparable harm in the absence of a stay "[w]ith Defendant's late dispositive motions pending and pre-trial procedures immediately upcoming[.]" (*Id.* at 4.) The Court is unpersuaded. As the above discussion notes, Plaintiff's individual claims are moot so there is no more litigation to be had. But to avoid having to reopen the case, and perhaps having to ask the Ninth Circuit to dismiss an appeal if Plaintiff appeals the mootness conclusion, the Court will defer entering final judgment until the Ninth Circuit rules on the interlocutory appeal of the class certification denial.

**CONCLUSION**

As explained above, the Court grants Defendant's motion to dismiss because Defendant's cash delivery of $45,001.00 moots Plaintiff's individual claims. Consequently, the Court denies Defendant's motion for partial summary judgment and Plaintiff's motion to stay, in part. The Court defers entering final judgment until the Ninth Circuit rules on the interlocutory appeal. The parties shall immediately notify the Court upon entry of the Ninth Circuit's ruling.

This Order disposes of Docket Nos. 96, 97, and 108.

**IT IS SO ORDERED.**

Dated: June 23, 2026

_____
JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California